47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re GAF BUILDING MATERIALS CORPORATION, Petitioner.
 Misc. Dkt. No. 417.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 D.N.J.
 PETITION DENIED.
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RADER, Circuit Judge.
 
 ORDER
 
 1
 GAF Building Materials Corporation petitions for a writ of mandamus to direct the United States District Court for the District of New Jersey to vacate its transfer order and to reinstate GAF's case or, in the alternative, to vacate its transfer order and dismiss GAF's patent claims. Elk Corporation of Dallas opposes.
 
 
 2
 GAF and Elk are competitors in the manufacture and sale of roofing shingles. In December 1993, Elk wrote to GAF stating that it had received a Notice of Allowance from the Patent and Trademark Office that a design patent would issue in the near future. The letter asked GAF to cease and desist from the manufacture and sale of certain shingles and threatened to bring a patent infringement suit. On January 13, 1994, GAF filed an action seeking a declaratory judgment of noninfringement against Elk in the New Jersey district court. Elk moved to dismiss or to transfer to the Northern District of Texas.
 
 
 3
 On February 7, both parties knew that the patent would issue on the following day. On the morning of the 8th, Elk filed an infringement action against GAF in the Texas district court. In the afternoon, GAF (1) filed an amendment to its complaint alleging that the patent had issued and adding a Lanham Act claim and (2) filed a second action identical to the first in the New Jersey district court. After briefing and an oral hearing on the jurisdictional and transfer issues, the New Jersey district court on November 15, 1994 transferred both of GAF's cases to the Texas district court. GAF has since voluntarily dismissed the second action. In the first declaratory judgment action and the one at issue here, Elk counterclaimed for infringement in the Texas district court. Subsequently, Elk filed two additional infringement actions against GAF in the Texas district court based on a recently issued utility patent. Apparently, the Texas actions have not been consolidated.
 
 
 4
 In its mandamus petition, GAF argues that whether the New Jersey court had jurisdiction over GAF's initial declaratory judgment action because a Notice of Allowance had issued is a novel question deserving of immediate review by mandamus. GAF also argues that any defect in its complaint was cured automatically when the patent issued, that transfer was thus improper because GAF's action was the first filed action, that the district court should have dismissed rather than transferred any action the district court believed it lacked jurisdiction over, and that the district court erred when it found that the convenience of the parties and the party witnesses warranted a transfer to Texas. Finally, GAF asserts that the Texas district court will undoubtedly dismiss its transferred patent action for lack of jurisdiction and that it will appeal and seek consolidation of that appeal and this mandamus action.
 
 
 5
 GAF presents us with a host of interesting issues. However, GAF has not persuaded us that they should be reviewed in the context of this mandamus petition. There is a single underlying issue in this case, i.e., whether transfer was appropriate. Even if the district court erred when deciding that GAF's declaratory judgment action did not present a case of actual controversy, even if the district court erred when deciding that any defect was not cured upon issuance of the patent, the district court arguably could still have transferred the entire case which included a Lanham Act claim for the convenience of the parties. A transfer based on convenience of the parties is an issue that we will not review by mandamus. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (when a matter is within the discretion of a district court it will virtually never be reviewable by mandamus). GAF barely mentions that it added a federal Lanham Act claim to its suit. Finally, GAF states that it expects the Texas district court to dismiss its patent claim in the near future* and that GAF will appeal and seek review of some of the issues presented here. See Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 8 n.6 (1983) (a court of appeals has no occasion to engage in extraordinary review by mandamus when it can exercise the same review by a contemporaneous ordinary appeal). For all of the reasons set forth above, mandamus is not appropriate.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 GAF's petition for a writ of mandamus is denied.
 
 
 
 *
 We do not address the issue of whether such a dismissal order would be appealable if the counterclaim and the Lanham Act count remain in the case